UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-11642-ABC |
| | ) | Chapter 7 |
| THOMAS H. VIEREGGER, | ) | |
| dba dcs Gutters & Roofing; | ) | |
| mem colorado gutterz; mem dcs exteriors, | ) | |
| LLC; mem dcs solar solutions, LLC; mem | ) | |
| Ridgepoint Management Group, LLC; | ) | |
| mem Eastland & Vieregger, LLC; | ) | |
| ods Douglas County Seamless Gutter Co. | ) | |
| | ) | |
| SSN: XXX-XX-5210 | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | Adv. Pro. No. 10-1243-ABC |
| | ) | |
| AMERICAN BUILDERS & | ) | |
| CONTRACTORS SUPPLY CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS H. VIEREGGER, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Debtor/Defendant Thomas H. Vieregger ("Defendant" or "Vieregger"), through his attorney, F. Kelly Smith, answers the Complaint to Determine Dischargeability of a Particular Debt Pursuant to Bankruptcy Code 11 U.S.C. § [sic] 523(a)(2), (3), (4), and (6) ("Complaint"), filed by Plaintiff American Builders & Contractors Supply Co., Inc. ("ABC"), saying the following:

### JURISDICTION

1. Vieregger admits the allegations contained in paragraph 1 of ABC's Complaint.

2. Vieregger admits the allegations contained in paragraph 2 of ABC's Complaint.

3. Vieregger admits the allegations contained in paragraph 3 of ABC's Complaint.

4. Vieregger admits the allegations contained in paragraph 4 of ABC's Complaint.

## GENERAL ALLEGATIONS

5. Vieregger admits the allegations contained in paragraph 5 of ABC's Complaint.

6. Vieregger admits the allegations contained in paragraph 6 of ABC's Complaint.

7. Paragraph 7 of ABC's Complaint is in the nature of a legal conclusion that requires no response.

8. Defendant has insufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of ABC's Complaint and therefore denies the same.

9. With respect to the allegations contained in paragraph 9 of ABC's Complaint, Vieregger admits that, through his company, he was provided, among other things, roofing and construction materials by ABC that were used on various jobs for which his company contracted. Defendant has insufficient information and knowledge to form a belief as to the truth or falsity as to remaining allegations contained in paragraph 9 of ABC's Complaint and therefore denies the same. Vieregger also notes that paragraph 9 of ABC's Complaint contains allegations in the nature of legal conclusions for which no response is required.

10. With respect to the allegations contained in paragraph 10 of ABC's Complaint, Vieregger admits only that he was responsible for some payments and disbursements made by his company to ABC.

11. Paragraph 11 of ABC's Complaint is in the nature of a legal conclusion that requires no response.

12. Paragraph 12 of ABC's Complaint is in the nature of a legal conclusion that requires no response.

13. Defendant denies each and every allegation contained in paragraph 13 of ABC's Complaint

14. Paragraph 14 of ABC's Complaint is in the nature of a legal conclusion that requires no response.

15. Paragraph 15 of ABC's Complaint is in the nature of a legal conclusion that requires no response.

## FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(4))

16.  No response is required.

17.  Defendant denies each and every allegation contained in paragraph 17 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(6))

18.  No response is required.

19.  Defendant denies each and every allegation contained in paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's claims are barred, in whole or in part, to the extent that it has failed to mitigate or avoid damages.

2.  Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

3.  Plaintiff's claims are barred or reduced under the doctrine of comparative negligence and the right of recovery will be reduced by their comparative fault or comparative negligence.

4.  Plaintiff's claims may be barred or reduced under the doctrine of comparative fault of third parties.

5.  Plaintiff's claims may be barred or limited by the doctrine of accord and satisfaction.

6.  Vieregger reserves the right to move the Court to add additional defenses, amend the defenses stated and/or delete the defenses as warranted by facts made known through discovery.

WHEREFORE, Defendant Thomas H. Vieregger requests that the Court enter an Order dismissing ABC's Complaint, awarding nothing to Plaintiff by way of damages or other relief and granting Defendant his fees and costs in defending this proceeding.

Respectfully submitted this 15th day of April, 2010.

                                    LAW OFFICES OF F. KELLY SMITH

                                    \s\F. Kelly Smith
                                    F. Kelly Smith, #14510
                                    216 Sixteenth St., Suite 1210
                                    Denver, CO 80202
                                    (303) 592-1650 - Telephone
                                    (303) 592-1701 - Facsimile
                                    fkellysmith@tde.com
                                    Attorney for the Defendant


## CERTIFICATE OF MAILING

      I hereby certify that a true and correct copy of the foregoing was deposited in the U.S. mail, first-class postage prepaid, this 15th day of April, 2010, addressed to the following:

Nathan L. Andersohn, Esq.
Michael W. Walker, Esq.
Andersohn Law Offices, PC
11971 Quay Street
Broomfield, CO 80020


                                    /s/ Jim Ann Marquis